# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIA GRANT**<br>1703 22nd Ct. N.<br>Arlington, VA 22209,<br><br>    Plaintiff,<br><br>  v.<br><br>**CSL BEHRING LLC**<br>1020 First Avenue<br>King of Prussia, PA 19406,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 1:21-cv-2044 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant CSL Behring LLC (CSL) hereby files this Notice of Removal, removing to this Court the above-styled action currently pending in the Superior Court of the District of Columbia under the case number 2021 CA 002084 B.

The grounds for removal are as follows:

1. On June 21, 2021, Plaintiff Julia Grant, through counsel, filed a Complaint against CSL in the Superior Court of the District of Columbia, captioned *Julia Grant v. CSL Behring LLC*, No. 2021 CA 002084 B.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon CSL are attached to this Notice as Exhibit A.

3. The Complaint contains three causes of action under the District of Columbia Human Rights Act (DCHRA) and seeks economic damages, compensatory damages, liquidated damages, and punitive damages. This demand for relief is for "more than $25,000." *See* Exhibit A.

4. CSL accepted service of the Complaint on July 8, 2021 and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

5. Removal of this action is appropriate because diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff and CSL are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

6. Plaintiff is a resident of Virginia. *See* Exhibit A.

7. CSL is a corporation organized and existing under the laws of the state Delaware with its principal place of business in King of Prussia, Pennsylvania. *See* Exhibit B, Declaration of Elizabeth Wixted at ¶¶ 1-2. For purposes of 28 U.S.C. § 1332, CSL is, therefore, deemed a citizen of the states of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(c).

8. Although Plaintiff only seeks "more than $25,000" on the face of the Complaint, the amount in controversy exceeds the $75,000 required under 28 U.S.C. § 1332(a), because "[b]y all indications, the sum of $[2]5,000 was intended to be a floor, not a benchmark for the amount of recovery." *Parker-Williams v. Charles Tini & Assocs.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014).

9. Although the burden to prove the amount in controversy lies with CSL as the party seeking removal, it need not "provide an item-by-item accounting . . . Instead, courts may consider the evidence provided to them and exercise some degree of common sense in order to independently determine whether the amount in controversy has been met." *Parker-Williams*, 53 F. Supp. 3d at 152 (citing *Busby v. Capital One, N.A.*, 932 F. Supp. 2d. 114, 132 (D.D.C. 2013)).

10. Here, common sense dictates that the amount in controversy requirement has been met. The various types of relief sought by Plaintiff — economic damages including front and back pay, compensatory damages, liquidated damages, punitive damages, interest due on unpaid wages, equitable relief, and attorneys' fees — should all be considered for purposes of determining the amount in controversy, thereby exceeding the jurisdictional requirement of $75,000.

11. Compensatory damages alone may be sufficient to exceed the $75,000 threshold. The DCHRA allows for the award of non-pecuniary damages, which may cross the $75,000 threshold. *See, e.g., Medina v. District of Columbia*, 643 F.3d 323, 325 (D.C. Cir. 2011) (plaintiff in DCHRA racial-discrimination case awarded $90,000 where compensatory damages were mostly non-pecuniary); *Martini v. Federal Nat. Mortg. Ass'n*, 977 F. Supp. 464, 481-82 (D.D.C. 1997) (plaintiff in DCHRA sex-discrimination case awarded $100,000 in non-pecuniary damages from employer).

12. Furthermore, at the time of her termination of employment on March 15, 2021, Plaintiff was earning a six figure base salary, and was eligible for additional incentive compensation. *See* Exhibit B at ¶ 3. Assuming Plaintiff is unable to secure alternative, comparable employment, Plaintiff's potential back pay damages alone will quickly exceed $75,000. This sum must be considered when calculating the potential amount in controversy, as it could be included in any potential damages award.

13. Additionally, attorneys' fees may be counted towards establishing a jurisdictional amount when they are provided for by statute. *Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007). The DCHRA provides for an award of attorneys' fees. D.C. Code § 2-1403.13(a)(1)(E). Although CSL lacks the information necessary to calculate Plaintiff's

attorneys' fees with certainty, when added to any award of lost wages and compensatory damages, the amount in controversy surely exceeds $75,000.

14.     Given the potential value of the lost wages, compensatory damages and attorneys' fees sought by Plaintiff, the amount in controversy exceeds the $75,000 threshold to establish diversity jurisdiction in this action.

15.     Because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

16.     Pursuant to 28 U.S.C. § 1446(d), CSL will promptly serve on Plaintiff and file with the Clerk of Court for the Superior Court of the District of Columbia a Notice of Filing Notice of Removal.  *See* CSL's Notice of Filing of Removal attached hereto as Exhibit C.

17.     By filing this Notice of Removal, CSL does not waive any defenses that may be available to it.

WHEREFORE, CSL respectfully requests that the entire court action under case number 2021 CA 002084 B pending in the Superior Court of the District of Columbia be removed to the United States District Court for the District of Columbia for all further proceedings.

Respectfully submitted,

By: /s/ Constantinos Panagopoulos
Constantinos Panagopoulos (#430932)
BALLARD SPAHR LLP
1909 K St., N.W., 12th Floor
Washington, D.C. 20006-1157
Telephone: 202-661-2202
Facsimile: 202-661-2299
cgp@ballardspahr.com

David S. Fryman (*pro hac vice* application to be submitted)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-665-8500
Facsimile: 215-864-8999
Frymand@ballardspahr.com

Jessica Federico (*pro hac vice* application to be submitted)
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Telephone: 303-292-2400
Facsimile: 303-296-3956
federicoj@ballardspahr.com

*Counsel for Defendant CSL Behring LLC*

Dated: July 28, 2021

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's ECF filing system on the 28th day of July, 2021 to:

Adam Carter and R. Scott Oswald
ACarter@employmentlawgroup.com
SOswald@employmentlawgroup.com
THE EMPLOYMENT LAW GROUP, P.C.
1717 K Street NW, Suite 1110
Washington D.C., 20006-5345

By: /s/ Constantinos Panagopoulos