# EXHIBIT A

Filed
D.C. Superior Court
06/23/2021 15:39PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JULIA GRANT,<br>1703 22nd Ct. N.<br>Arlington, VA 22209,<br><br>   *Plaintiff*,<br><br>v.<br><br>CSL BEHRING LLC,<br>1020 First Avenue<br>King of Prussia, PA 19406-0901,<br><br> Serve Registered Agent:<br><br>THE CORPORATION TRUST<br>COMPANY,<br>1209 Orange Street<br>Wilmington, DE 19801,<br><br>   *Defendant*. | Civil Action No.: 2021 CA 002084 B |

**CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
AND DEMAND FOR JURY**

Plaintiff Julia Grant ("Grant"), by and through counsel, files this civil complaint and demand for jury trial against Defendant CSL Behring LLC ("CSL" or "Defendant"), for discrimination and retaliation based on sex and age in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.* ("DCHRA").

**JURISDICTION AND VENUE**

1. This Court has personal jurisdiction over Defendant because it has substantial business contacts with and conducts business in the District of Columbia.

2. This Court has subject matter jurisdiction over the claims in this complaint as they are brought pursuant to the District of Columbia Human Rights Act.

1

3. Venue is proper because it is the judicial district where the events occurred.

## PARTIES

4. Plaintiff Julia Grant is a resident of Arlington, Virginia, and she worked as the director of U.S. Healthcare Policy & Federal Affairs at CSL Behring LLC until her illegal termination on March 15, 2021.

5. Defendant CSL Behring LLC is a Delaware limited liability company and is headquartered in King of Prussia, Pennsylvania.

## FACTUAL ALLEGATIONS

6. Grant is a female and is 60 years old.

7. On or about May 2017, CSL hired Grant to serve as the director of U.S. healthcare policy & federal affairs. Grant's responsibilities included being the point of contact between CSL, Congress, and federal agencies and trade associations with which the company held memberships. She worked in the District of Columbia.

8. Grant came to CSL with almost 30 years continuous experience in health care policy, including representation of physician provider organizations, hospital organizations, and insurance companies.

9. CSL engages in the production of blood plasma-derived therapies for rare genetic disorders. As such, CSL is subject to multiple levels of regulation at both the federal and state level. Furthermore, CSL's success depends upon continued Congressional authorization of favorable reimbursement policies for those who benefit from CSL's products.

10. In or about 2018, Grant was asked by the then senior vice president, Dennis Jackman, to put together a team of outside consultants to advance CSL's legislative priorities on Capitol Hill and to ensure compliance with federal election laws by the company's Political

Action Committee ("PAC"). With the assistance of the legislative consultants hired by Grant, she worked to successfully include key provisions benefitting CSL in the budget reconciliation legislative package passed by Congress in December 2020.

11. With the assistance of the law firm retained by Grant, the company's PAC successfully passed an audit by the General Accounting Office in 2018.

12. While Jackman hired Grant, she reported directly to Patrick Collins, an employee of CSL for approximately 20 years. Jackman retired from CSL in or about May 2019.

13. In June 2019, CSL hired Mike Ruggiero to replace Jackman as senior vice president for global healthcare policy and external affairs.

14. On or about July 2019, Ruggiero confronted Grant regarding her alleged knowledge of the circumstances of his departure from his previous employer. Ruggiero seemed to assume that Grant knew about those circumstances, and stated words to the effect, "you certainly know a lot of people in town. I just wanted you to know that I was told to push out [a female employee] at the direction of her boss."

15. After Jackman's departure, Collins gained control over CSL's Employees' PAC contributions and decreased the transparency of the PAC's contributions to political candidates. Beginning in the fall of 2019 until January, 2021, Collins began unilaterally making decisions regarding such contributions. The PAC ceased holding meetings of the PAC board, of which Grant was a member, and Collins directed contributions to Republican members of Congress and candidates who he believed would be helpful to him in his plans to run for Congress himself.

16. In or around July 2019, Grant and Ruggiero participated on a conference call with the Nickles Group, the legislative consulting group hired on Grant's recommendation, comprised of a majority of women. Ruggiero made disparaging comments about the consulting group's

3

female president while the phone was muted.

17. In or around November 2019, Grant, Collins, and Ruggiero were on a conference call in which Collins repeatedly talked over and interrupted Grant each time she attempted to speak. Grant called Collins after the call ended to state her dissatisfaction with his behavior towards her during the call, and in response Collins denied any wrongdoing.

18. In or about October 2020, Collins excluded Grant from telephone conversations regarding plasma donations from recovered COVID-19 patients. However, Collins included Grant on his email communications with the rest of the team so that Grant might be aware of the developments. When Grant learned that Collins removed her from telephonic conversations about the project, she replied to everyone on the email chain and asked why she was deliberately excluded from telephonic communications. In response to that email, Collins called Grant and told Grant to recall the email. Grant refused and expressed her frustration with Collins and Ruggiero repeatedly excluding Grant from discussions and decisions regarding the Company's federal government relations strategy and activity.

19. The following day CSL's human resources director assigned to global healthcare policy and external affairs team, Elizabeth Wixted, contacted Grant and asked Grant whether she believed CSL "has a problem with women." Grant engaged in protected activity under the DCHRA when she responded to Wixted's inquiry into potential gender discrimination at CSL.

20. On March 16, 2021, Ruggiero held a conference call and sent a subsequent email to CSL's global healthcare policy and external affairs team, including Grant, and announced that the department was undergoing a reorganization.

21. Ruggiero announced that CSL was demoting Collins and giving him all of Grant's duties. The email further stated that Grant had "exited the company effective March 15."

4

Ruggiero and Wixted had told Grant the day before that her position had been eliminated.

22. CSL's company practice is to discuss an exit strategy with individuals who are terminated due to a restructuring, but CSL did not do this for Grant.

23. Thereafter Collins acknowledged that, based on the reorganization, it was more logical for CSL to eliminate his job as opposed to Grant's. Grant was 60 at the time of her position elimination, and Collins was 50.

24. As the result of CSL's illegal actions, Grant sustained economic damages and mental anguish, and she will continue to sustain damages into the foreseeable future.

<u>**Count I**</u>
**Discrimination in Violation of the
District of Columbia Human Rights Act
D.C. Code § 2-1401, *et seq.*
(Sex)**

25. Grant incorporates the allegations in the foregoing paragraphs as though fully alleged herein.

26. At all relevant times herein, D.C. Code §§ 2-1401 and 2-1402.11 were in full force and effect.

27. Grant is an "employee" as the term is defined at D.C. Code § 2-1401.02.

28. CSL is an "employer" as the term is defined in D.C. Code § 2-1401.02.

29. Grant is a member of a protected class under the DCHRA as a female.

30. CSL violated D.C. Code § 2-1401, *et seq.*, by terminating Grant on account of her sex.

31. The reasons for terminating Grant employment are false and are pretext for unlawful discrimination.

32. Grant has suffered damages as a result of CSL's unlawful actions.

5

33. For CSL's unlawful discrimination against Grant, she is entitled to such legal or equitable relief as will effectuate the purposes of the D.C. Human Rights Act, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front and back pay, interest on all damages, equitable relief, consequential damages, any other relief that furthers the purpose of the D.C. Human Rights Act, and any other relief that this Court deems just and equitable.

**Count II**
**Discrimination in Violation of the**
**District of Columbia Human Rights Act**
**D.C. Code § 2-1401, *et seq.***
**(Age)**

34. Grant incorporates the allegations in the foregoing paragraphs as though alleged herein.

35. At all relevant times herein, D.C. Code §§ 2-1401 and 2-1402.11 were in full force and effect.

36. Grant is an "employee" as the term is defined at D.C. Code § 2-1401.02.

37. CSL is an "employer" as the term is defined in D.C. Code § 2-1401.02.

38. Grant is a member of a protected class under the DCHRA as a person over the age of 18.

39. CSL violated D.C. Code § 2-1401, *et seq.*, by terminating Grant on account of her age.

40. The reasons for terminating Grant employment are false and are pretext for unlawful discrimination.

41. Grant has suffered damages as a result of CSL's unlawful actions.

42. For CSL's unlawful discrimination against Grant, she is entitled to such legal or

equitable relief as will effectuate the purposes of the D.C. Human Rights Act, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front and back pay, interest on all damages, equitable relief, consequential damages, any other relief that furthers the purpose of the D.C. Human Rights Act, and any other relief that this Court deems just and equitable.

**Count III**
**Retaliation in Violation of the**
**District of Columbia Human Rights Act**
**D.C. Code § 2-1401,** *et seq.*
**(Protected activity)**

43. Grant incorporates the allegations in the foregoing paragraphs as though alleged herein.

44. At all relevant times herein, D.C. Code §§ 2-1401 and 2-1402.11 were in full force and effect.

45. Grant is an "employee" as the term is defined at D.C. Code § 2-1401.02.

46. CSL is an "employer" as the term is defined in D.C. Code § 2-1401.02.

47. Grant is a member of a protected class under the DCHRA as a female and as a person over the age of 18.

48. Grant engaged in protected activity under the DCHRA when she responded to human resources' inquiry into the work environment at CSL as it relates to women.

49. CSL terminated Grant's employment.

50. CSL violated D.C. Code § 2-1401, *et seq.*, by terminating Grant on account of her protected activities.

51. The reasons for terminating Grant employment are false and are pretext for unlawful retaliation.

7

52. Grant has suffered damages as a result of CSL's unlawful actions.

53. For CSL's unlawful retaliation against Grant, she is entitled to such legal or equitable relief as will effectuate the purposes of the D.C. Human Rights Act, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front and back pay, interest on all damages, equitable relief, consequential damages, any other relief that furthers the purpose of the D.C. Human Rights Act, and any other relief that this Court deems just and equitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Julia Grant respectfully requests that the Court enter judgment in her favor and award to her the following relief.

A. Judgment against the Defendant in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;

B. Pre-judgment interest;

C. Employment, reinstatement, promotion, or other equitable relief;

D. Economic damages including front and back pay;

E. Compensatory damages;

F. Interest due on unpaid wages;

G. A reasonable attorneys' fee and the costs of this action, and;

H. Any other relief this Honorable Court deems just and proper to award.

## **JURY DEMAND**

Plaintiff demands a jury for all issues to be so tried.

Dated: June 21, 2021                    Respectfully submitted,


/s/ *Adam Carter*
R. Scott Oswald, Esq.
Adam Augustine Carter, Esq.
THE EMPLOYMENT LAW GROUP, P.C.
1717 K Street, NW, Suite 1110
Washington, D.C. 20006-5345
202-261-2803
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com
*Counsel for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

JULIA GRANT                                 Case Number: 2021 CA 002084 B

vs                                          Date: June 21, 2021

CSL BEHRING LLC                             ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* ADAM AUGUSTINE CARTER | Relationship to Lawsuit |
|---|---|
| Firm Name: THE EMPLOYMENT LAW GROUP, P.C. | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: 202-261-2803   Six digit Unified Bar No.: 437381 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ **more than $25,000.**                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge:_____   Calendar #:_____

Case No.:_____   Judge:_____   Calendar#:_____

---

NATURE OF SUIT:        *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent     ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                 ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent           Over $25,000 Consent Denied
☒ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                 ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent          Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property       ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy                   ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                          Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference                ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution                 ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                     ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,          ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)                       ☐ 23 Tobacco
                                                                            ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐       IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

| /s/ Adam Carter | June 21, 2021 |
|---|---|
| Attorney's Signature | Date |

CV-496/ June 2015

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

JULIA GRANT
_____
Plaintiff
vs.

CSL BEHRING LLC
_____
Defendant

Case Number **2021 CA 002084 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

ADAM AUGUSTINE CARTER
Name of Plaintiff's Attorney
THE EMPLOYMENT LAW GROUP, P.C.
Address
1717 K Street, NW, Suite 1110, Washington, D.C. 20006-5345
202-261-2803
Telephone

Clerk of the Court
By _____ Deputy Clerk

Date **06/23/2021**

如需翻译,请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 전화주십시요　　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

JULIA GRANT
_____
                              Demandante
            contra

                                                                Número de Caso: _____

CSL BEHRING LLC
_____
                              Demandado

### CITATORIO

Al susodicho Demandado:

     Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

     A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

ADAM AUGUSTINE CARTER
_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

THE EMPLOYMENT LAW GROUP, P.C.
_____                    Por: _____
Dirección                                                                                        Subsecretario
1717 K Street, NW, Suite 1110, Washington, D.C. 20006-5345

202-261-2803
_____                    Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을(를) 원하시면 (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

     Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

     Vea al dorso el original en inglés
     See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                                                                                 Super. Ct. Civ. R. 4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

JULIA GRANT
  Vs.                                                                                   C.A. No.        2021 CA 002084 B
CSL BEHRING LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge SHANA FROST MATINI
Date:            June 23, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, October 01, 2021
Location:   Courtroom 517
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

### Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page



**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or issues Call: **(202) 879-1928, Option** #2

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | WebEx Direct URL | WebEx Meeting ID |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |