UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIA GRANT,<br><br>v.<br><br>CSL BEHRING LLC,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-2044 (CJN) |

## CONFIDENTIALITY ORDER

WHEREAS, the parties to this Consent Confidentiality Order ("Order"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; it is ORDERED:

**1.** Any party may designate as CONFIDENTIAL ("Designating Party") documents or testimony that contain Confidential Information, as defined in Paragraph 2. All such information, documents, excerpts from documents, testimony and other materials will constitute "Confidential Information" under this Order.

**2. Confidential Information.** Except as provided below, all documents and information produced by the Parties in this litigation that are labeled in good faith by counsel as "Confidential" within the meaning of Federal Rule of Civil Procedure 26(c), shall be maintained confidentially and used solely for the purposes of this litigation. Counsel may designate as "CONFIDENTIAL" any documents produced prior to the effective date of this Order by written notice that identifies the documents by bates number or by other reasonably identifying means. Such documents shall be held subject to this Order as of the date of their designation. The following documents or

1

information of the Parties shall not be held as Confidential Information by the Parties subject to this Order:

(a) documents or information which at the time of disclosure are part of the public domain or record;

(b) documents or information which after their disclosure become part of the public domain or record through no act, omission, or fault of the Parties hereto; and

(c) documents or information which are rightfully in the possession of a Receiving Party, its counsel of record, a third party or expert, under no obligation of confidence.

**3. Designation and Identification of Confidential Information.** Confidential Information shall be designated as follows:

(a) A party who wishes to designate tangible Confidential Information subject to this Order shall stamp or otherwise mark each page of the document "CONFIDENTIAL" at the time of production.

(b) In the case of deposition transcripts, a party may designate the entire transcript (including exhibits) or portions thereof as CONFIDENTIAL either: (1) at the time the testimony is recorded; or (2) by written notice to all counsel of record within thirty (30) business days after receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking all copies of the transcript or portions thereof in their possession or control as directed by the Designating Party. If no designation is made within thirty (30) days after receipt of the transcript, or such other period if the time to designate is changed either by Order of the Parties or by Court order, the transcript shall be considered not to contain any Confidential Information.

**4. Use of Confidential Information.** Any Confidential Information shall be used solely for the purpose of this litigation, and any appeals therefrom, and not for any other purpose

whatsoever. Nothing in this Order shall be construed to control any party's use, dissemination, publication or disposition of its own Confidential Information for any purpose as long as it does not violate any prior Order.

**5. Limited Disclosure of Confidential Information.** Confidential Information may be disclosed to and only may be discussed with the following persons:

(a) Counsel of record for the Parties to this litigation and any employee of such counsel assisting with this litigation;

(b) Plaintiff, Defendant, and any employee of any party assisting counsel in preparation of this litigation, as necessary for the Parties in good faith to prepare for the prosecution or defense of this litigation;

(c) Deposition or trial witnesses. To the extent these individuals/entities are other than those identified in Section (a) or (b) of this paragraph, they must agree, in writing, to be bound by this Order by signing the attached Exhibit A prior to a party disclosing or discussing any Confidential Information to or with such deposition or trial witnesses;

(d) Court reporters, videographers, interpreters, translators, copy services, and database/coding services retained by and providing services for a party or its counsel in the this litigation;

(e) The Court, including Court personnel;

(f) Experts, individuals or entities hired by counsel to assist in connection with this litigation, private mediators, or other non-party witnesses to the extent necessary to provide assistance or testimony in connection with this litigation. These individuals/entities must agree, in writing, to be bound by this Order by signing the attached Exhibit A prior to a party disclosing or discussing any Confidential Information to or with any expert or other non-party witness; and

(g) The jury at any trial in this litigation; or

(h) Any other person agreed to by the Parties in writing, provided that such person agree, in writing, to be bound by this Order by signing the attached Exhibit A prior to a party disclosing or discussing any Confidential Information to or with such person.

**6. Disclosure Requirements.** Prior to disclosing or displaying any Confidential Information to any person, counsel shall:

(a) Inform the person of the confidential nature of the Confidential Information; and

(b) Inform the person that this Court has enjoined the use of the Confidential Information by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

**7. Control of Confidential Information.** The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries, and abstractions shall be subject to this Order and labeled in the same manner as the Confidential Information on which they are based.

**8. Filing of Confidential Information.** In the event a party seeks to file any Confidential Information with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Designating Party; (2) where appropriate (e.g., in relation to discovery and

4

evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. The parties may file such motions to seal within five (5) days of any filing that includes documents or testimony that is the subject of any such motion to seal. The parties may use placeholder pages in their unsealed filings prior to submitting any motion to seal.

**9. Resolution of Disputes About Documents Designated as Confidential.** Nothing in this Order constitutes a waiver of any party's right to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial, of any evidence, whether or not comprised of information or documents furnished pursuant to this Order. Nothing herein shall be construed to limit any party's right to challenge the designation of any information as CONFIDENTIAL. If a dispute arises as to whether information is confidential, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the Designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Designating Party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is confidential. If no timely written response is made to the objection, the challenged CONFIDENTIAL designation will be deemed to be void.

(b) If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If a dispute as to a CONFIDENTIAL designation of a document or item of information cannot be resolved by the Parties, either party may present the dispute to the Court by arranging a telephonic conference with the Court, consistent with the Court's Standing Order, before filing a

5

formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. No application shall be made, however, until counsel has first conferred in good faith in an attempt to resolve any such dispute. In connection with the ruling on any application, the Court may examine the information in camera.

**10. Non-Waiver.** The parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all electronically stored information and other documents, some work product material and privileged material ("Protected Material") may be inadvertently disclosed to the other party during the course of this litigation. Pursuant to Fed. R. Evid. 502 (d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise Protected Material against claims of waiver (including as against third parties and in other federal and state proceedings). To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified within a reasonable time after disclosure by notifying in writing counsel for the party to whom the information was disclosed that the information should have been designated CONFIDENTIAL.

**11. Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be

modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

**12. Court's Authority.** The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

It is so ORDERED.

DATE: September 13, 2021

CARL J. NICHOLS
United States District Judge